UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

CITIBANK, N.A.,

                        Plaintiff,    :   08 Civ. 00569 (MGC)

         - against -

                              :   <u>Reply to Counterclaim</u>

UNITED SUBCONTRACTORS INC.,

                      Defendant.

------------------------------------------------------------- x

        Plaintiff Citibank, N.A. ("Citibank"), by its attorneys Kramer Levin Naftalis & Frankel LLP, for its Reply to the Counterclaim of defendant United Subcontractors Inc. ("USI"), states as follows:

        1.    States that the allegations contained in paragraph 21 of the Counterclaim are not substantive in nature, and therefore require no response.

        2.    Denies the allegations contained in paragraph 22 of the Counterclaim, except admits that defendant entered into a First Lien Credit and Guaranty Agreement (the "Credit Agreement") with other parties to that agreement, and respectfully refers the Court to the Credit Agreement for a complete and accurate statement of its content.

        3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Counterclaim, except admits that defendant was required to maintain certain financial covenants and respectfully refers the Court to the Credit Agreement for a complete and accurate statement of its content.

        4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Counterclaim, except admits that defendant

was required under the Credit Agreement to hedge its interest rate exposure and respectfully refers the Court to the Credit Agreement for a complete and accurate statement of its content.

5. Denies the allegations contained in paragraph 25 of the Counterclaim, except admits that Citibank entered into a swap agreement (the "Swap Agreement") with USI and respectfully refers the Court to the Swap Agreement for a complete and accurate statement of its content.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Counterclaim.

7. Admits the allegations contained in paragraph 27 of the Counterclaim and respectfully refers the Court to the Swap Agreement for a complete and accurate statement of its content.

8. Denies the allegations contained in paragraph 28 of the Counterclaim, except admits that on or about November 12, 2007, USI provided Citibank with a Notice of Default and respectfully refers the Court to USI's Notice of Default for a complete and accurate statement of its content.

9. Denies the allegations contained in paragraph 29 of the Counterclaim, and respectfully refers the Court to the Credit Agreement and Notice of Default for a complete and accurate statement of their contents.

10. Denies the allegations contained in paragraph 30 of the Counterclaim, except admits that on December 12, 2007, Citibank provided written Notice that an Event of Default had occurred under the Swap Agreement, and respectfully refers the Court to the December 12, 2007 Notice for a complete and accurate statement of its content.

11. Denies the allegations contained in paragraph 31 of the Counterclaim, and respectfully refers the Court to the Credit Agreement for a complete and accurate statement of the rights and obligations of the parties thereunder.

12. Denies the allegations contained in paragraph 32 of the Counterclaim, except admits that on December 18, 2007, Citibank advised USI that December 18, 2007 had been designated as the "Early Termination Date" pursuant to the Swap Agreement, Citibank would compute the amount owed to Citibank under the Swap Agreement, and respectfully refers the Court to the December 18, 2007 Notice for a complete and accurate statement of its content.

13. Denies the allegations contained in paragraph 33 of the Counterclaim, except admits that on December 18, 2007, USI had not obtained a waiver of its default under the Credit Agreement, that USI purported to inform Citibank that it was in the process of obtaining a Waiver under the Credit Agreement, and respectfully refers the Court to USI's December 18, 2007 letter for a complete and accurate statement of its content.

14. Denies the allegations contained in paragraph 34 of the Counterclaim except admits that on December 18, 2007, Citibank advised USI that the swap transactions had been terminated and demanded payment from USI under the Swap Agreement in the amount of $2,751,333, and respectfully refers the Court to Citibank's December 18, 2007 letter for a complete and accurate statement of its content.

15. Denies the allegations contained in paragraph 35 of the Counterclaim, and respectfully refers the Court to the Swap Agreement for a complete and accurate statement of its content.

16. Denies the allegations contained in paragraph 36 of the Counterclaim.

17. Denies the allegations contained in paragraph 37 of the Counterclaim.

KL3 2646629.2

18. Denies the allegations contained in paragraph 38 of the Counterclaim.

### Affirmative Defenses

19. The Counterclaim must be dismissed because it fails to state a claim upon which relief may be granted.

20. The Counterclaim is barred by the terms of the Swap Agreement.

WHEREFORE, Citibank respectfully requests judgment as follows:

A. For all of the relief sought in the Complaint;

B. Dismissing the Counterclaim and awarding Citibank its costs and disbursements, including legal fees; and

C. Such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 7, 2008

Kramer Levin Naftalis & Frankel LLP

By: _____
Marshall H. Fishman (MF-4944)
Erin E. Oshiro (EO-8878)

1177 Avenue of the Americas
New York, NY 10036-2714
(212) 715-9100

*Attorneys for Plaintiff Citibank, N.A.*