UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

CITIBANK, N.A.,

                            Plaintiff,

      - against -

UNITED SUBCONTRACTORS INC.,

                            Defendant.

———————————————————— x

08 Civ. 00569 (MGC)

Statement of Citibank, N.A.
Pursuant
to Local Rule 56.1

      Pursuant to Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern District of New York, and in support of its motion for summary judgment against defendant United Subcontractors Inc. ("USI"), plaintiff Citibank, N.A. ("Citibank"), by its undersigned counsel, Kramer Levin Naftalis & Frankel LLP, respectfully submits the following statement of material facts as to which there is no genuine issue to be tried.

      1.      In December 2005, USI and other parties entered into a First Lien Credit and Guaranty Agreement dated as of December 27, 2005 (the "Credit Agreement") pursuant to which lenders agreed to extend up to $295 million in credit and additional revolving commitments to USI. Citibank was the letter of credit provider under the Credit Agreement. (Affidavit of Carl S. Cho In Support of Citibank, N.A.'s Motion for Summary Judgment, dated June 17, 2008 ("Cho Aff."), at ¶ 2 and Exh. A).

      2.      A Citibank affiliate, Citigroup Global Markets Inc. was the lead arranger, bookrunner and syndication agent for the Credit Agreement. Another Citibank affiliate, Citicorp North America, Inc. ("Citicorp") was the administrative agent under the Credit Agreement. (Cho Aff. at ¶ 2 and Exh. A).

KL3 2657429.4

3.     Simultaneously with USI's entering into the Credit Agreement, Citibank and USI entered into a swap agreement (the "Swap Agreement") dated as of December 29, 2005. (Cho Aff. at ¶ 3 and Exh. B).

4.     On or about December 29, 2005, pursuant to the Swap Agreement, USI and Citibank entered into three swap transactions whereby on notional amounts of $50 million, $50 million and $100 million, Citibank agreed to pay USI a fixed rate of return and USI agreed to pay Citibank a floating interest rate tied to the London Interbank Offered Rate ("LIBOR") (collectively, the "Swap Transactions"). (Cho Aff. at ¶ 3 and Exh. C).

5.     On or about November 12, 2007, USI provided Citibank with a Notice of Default advising Citibank that USI had exceeded certain covenants contained in the Credit Agreement and that USI was therefore in default under the Credit Agreement. (Cho. Aff. at ¶ 4 and Exh. D).

6.     Section 5(a)(vi)(1) of the Swap Agreement provides that an Event of Default occurs if USI defaults under the Credit Agreement which is defined as a "Cross Default." (Cho Aff. at ¶ 5 and Exh. B).

7.     Section 6(a) of the Swap Agreement provides Citibank the right to terminate the Swap Transactions if an Event of Default occurred as a result of a Cross Default. (Cho Aff. at ¶ 5 and Exh. B).

8.     By letter dated December 12, 2007, Citibank provided written notice under the Swap Agreement advising USI that, by reason of USI's default under the Credit Agreement, an Event of Default had occurred and was continuing under the Swap Agreement. (Cho Aff. at ¶ 5 and Exh. E).

9.     On December 18, 2007, Citibank advised USI that Citibank had designated December 18, 2007 as the "Early Termination Date" pursuant to the Swap Agreement. Citibank

KL3 2657429.4

then terminated the Swap Transactions in accordance with the termination provisions of the Swap Agreement. (Cho Aff. at ¶ 6 and Exh. F).

10. Pursuant to Section 6(e)(i) and Part 1(f) of the Swap Agreement, USI and Citibank had agreed that payments for early termination of the Swap Transactions would be calculated based on the "Second Method and Market Quotation." (Cho Aff. at ¶ 7 and Exh. B). Citibank then calculated the early termination payment (the "Settlement Amount") that USI would owe to Citibank by obtaining market quotations for each of the Swap Transactions. Accordingly, on December 18, 2007, Citibank obtained from four banking institutions quotations for each of the Swap Transactions. The quotations expressed the dollar amounts that each of the banks would pay Citibank, or that the banks would want to be paid, to replace USI as a counterparty to the Swap Transactions. Pursuant to the Swap Agreement, Citibank calculated the Settlement Amount for each Swap Transaction by calculating the arithmetic mean of the market quotations without regard to the highest and lowest quotations. The Settlement Amount totaled $2,751,333. (Cho Aff. at ¶ 7 and Exh. G).

11. After terminating the Swap Transactions and determining the amount USI owed Citibank, in a second letter dated December 18, 2007, Citibank informed USI that (a) the Swap Transactions had been terminated; and (b) USI owed Citibank $2,751,333 plus interest at the Default Rate (as defined in the Swap Agreement). (Cho Aff. at ¶ 8 and Exh. H).

12. As of December 18, 2007, the date on which Citibank exercised its right to terminate the Swap Transactions, USI had not obtained an executed waiver of its default under the Credit Agreement. (Cho Aff. at ¶ 9). On December 26, 2007, USI informed Citigroup that USI expected that the requisite number of lenders under the Credit Agreement would execute a

KL3 2657429.4

waiver with respect to USI's defaults during the week of December 26, 2007. (Cho Aff. at ¶ 9 and Exh. I).

13.  Citicorp, in its capacity as Administrative Agent for the Credit Agreement, received a copy of an executed Waiver and Amendment Agreement on December 27, 2007, nine days after the Swap Transactions had been terminated. (Cho Aff. at ¶ 10 and Exh. J.)

14.  The Waiver and Amendment provides that USI's default under the Credit Agreement constitutes "multiple Events of Default", that those defaults "are continuing" and that the "Existing Defaults" are continuing Events of Default. (Cho Aff., Exh. J at 1 and Sections 3.1, 3.2(c) and (d)).

Dated: New York, New York
       June 19, 2008

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: _____
    Marshall H. Fishman (MF-4944)
    Erin E. Oshiro (EO-8878)

1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
mfishman@kramerlevin.com
eoshiro@kramerlevin.com

Attorneys for Plaintiff

KL3 2657429.4

No. 08 Civ. 00569 (MGC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITIBANK, N.A.,

                      Plaintiff,

-against-

UNITED SUBCONTRACTORS INC.,

                      Defendant.

NOTICE OF MOTION AND STATEMENT OF
CITIBANK, N.A. PURSUANT TO
LOCAL RULE 56.1

KRAMER LEVIN NAFTALIS & FRANKEL LLP

*Attorneys for Citibank, N.A.*

1177 Avenue of the Americas  New York, New York  10036
(212) 715-9100

*All communications should be referred to:*
Marshall H. Fishman